14-4163-cv
Brown v. Lower Brule Community Development Enterprise, LLC, Gavin Clarkson

## UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

### SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007 IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 4th day of June, two thousand fifteen.

PRESENT: RALPH K. WINTER,
RAYMOND J. LOHIER, JR.,
SUSAN L. CARNEY,
*Circuit Judges.*

------------------------------------------------------------------

DAVID A. BROWN,

*Plaintiff-Appellant,*

v.                                                    No. 14-4163-cv

LOWER BRULE COMMUNITY DEVELOPMENT ENTERPRISE, LLC, GAVIN CLARKSON,

*Defendants-Appellees.*[*]

FOR APPELLANT:        ETHAN A. BRECHER, Law Office of Ethan A.
                      Brecher, LLC, New York, NY.

---

[*] The Clerk of the Court is respectfully directed to amend the caption of this case as set forth above.

FOR APPELLEES:        COURTNEY A. LANZALOTTO (Robert A. Giacovas, Lainie E. Cohen, *on the brief*), Lazare Potter & Giacovas LLP, New York, NY.

Appeal from a judgment of the United States District Court for the Southern District of New York (P. Kevin Castel, *Judge*).

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the judgment of the District Court is AFFIRMED.

David Brown appeals from the District Court's grant of a motion pursuant to Federal Rule of Civil Procedure 12(b)(6) to dismiss his claims for default on a promissory note, breach of contract, and breach of the duty of good faith and fair dealing. We assume the parties' familiarity with the facts and record of the prior proceedings, to which we refer only as necessary to explain our decision to affirm.

In March 2011 Brown executed a Limited Recourse Promissory Note (the "Note") with the Lower Brule Community Development Enterprise, LLC (LBCDE) in lieu of compensation due to him as president of an LBCDE affiliate. In March 2012 LBCDE allegedly defaulted on its payment obligations under the Note. In April 2012 LBCDE sold one of its primary assets, a $22.5 million loan with debt payments guaranteed by the Department of the Interior (DOI) (the "guaranteed loan").[1] As to Brown's claims for default and breach of contract, the only issue on appeal is whether Brown has any remedies based on the terms of the Note.

---

[1] Specifically, the DOI "guarantee[d] payment to the Lender [LBCDE] of [90%] of any loss of principal, accrued interest, and authorized charges [LBCDE] sustains on the identified loan." App'x 187.

Brown's potential remedies for default on the Note are contractually limited. "Except with respect to Recourse Events, [Brown's] recourse under this Note is limited to funds, if any, collected by [LBCDE] under the DOI Guaranty." App'x 67. Because Brown failed to adequately allege that LBCDE collected any funds "under the DOI Guaranty," he has no remedy in the absence of a recourse event. We are not persuaded by Brown's argument that proceeds from the sale of the guaranteed loan were funds received "under the DOI Guaranty."

Brown also argues that a recourse event occurred under the Note because LBCDE (1) "fail[ed] to immediately pay or cause to be paid to [Brown] under the Note the proceeds that [were] received by [LBCDE] under the DOI Guaranty" or (2) "commit[ted] fraud or ma[de] any material misrepresentation in connection with the Offering, this Note, the Financing Documents, or the DOI Guaranty." App'x 67. The first argument fails for the reasons discussed above. With respect to the second argument, insofar as Brown claims that a "fraud" recourse event occurred, the allegations in support of that claim are insufficient.[2] Brown alleged that LBCDE's President and CEO, Gavin Clarkson, induced Brown into executing the Note by verbally promising that Brown's note would be fully paid if LBCDE sold the guaranteed loan. But this alleged verbal promise fails to constitute a "fraud" recourse event because Brown did not adequately allege justifiable reliance, an element of common law fraud. Lazard Freres & Co. v. Protective Life Ins. Co., 108 F.3d 1531, 1543 (2d Cir. 1997). The alleged promise contradicts the limited recourse and "no oral modifications" provisions of the Note, and Brown failed to obtain written documentation of this promise even

[2] Having not presented it to the District Court as an argument in opposition to the motion to dismiss, Brown forfeited the argument that Clarkson's promise constituted a "material misrepresentation" recourse event.

3

though he knew LBCDE planned to sell the guaranteed loan and he had a full opportunity to request documents and complete due diligence prior to executing the Note.

Finally, we affirm the District Court's dismissal of Brown's claim for breach of the duty of good faith and fair dealing because LBCDE did not deny payment based on any terms that "a reasonable person in the position of the promisee would be justified in understanding were included" in the Note. Dalton v. Educ. Testing Serv., 87 N.Y.2d 384, 389 (1995) (quotation marks omitted).

We have considered Brown's remaining arguments and conclude that they are without merit. For the foregoing reasons, we AFFIRM the judgment of the District Court.

FOR THE COURT:

Catherine O'Hagan Wolfe, Clerk of Court

4